**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN AND APRIL KIVLER, AS PARENTS AND NATURAL GUARDIANS OF E.K., A MINOR,<br><br>Plaintiffs,<br><br>v.<br><br>WOLF LICENSEE, LLC, NEW AGE MEDIA MANAGEMENT, LLC, FOX CORPORATION, FOX BROADCASTING COMPANY, LLC, SINCLAIR, INC., SINCLAIR BROADCAST GROUP, LLC, and SINCLAIR TELEVISION GROUP, INC.,<br><br>Defendants. | Case No. 03:26-cv-02115-JFS |

**DEFENDANTS WOLF LICENSEE, LLC, SINCLAIR, INC., SINCLAIR BROADCAST GROUP, LLC, AND SINCLAIR TELEVISION GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants Wolf Licensee, LLC, Sinclair, Inc., Sinclair Broadcast Group, LLC, and Sinclair Television Group, Inc. ("the Sinclair Defendants"), by and through their undersigned counsel, hereby submit the following Answer to Plaintiffs' Complaint. The Sinclair Defendants deny any and all liability and demand entry of judgment in their favor and against Plaintiffs, John and April Kivler, as Parents and Natural Guardians of E.K., a minor.

By way of further response to the averments of Plaintiffs' Complaint, the Sinclair Defendants submit the following:

1

## I.   PARTIES

1.      Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore deny them.

2.      Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny them.

3.      Denied.  Defendant Wolf Licensee, LLC is a Nevada limited liability company with the address of 701 S. Carson St., Suite 200, Carson City, Nevada 89701, and its sole managing member is a citizen of the State of Maryland.  WOLF Licensee, LLC is the entity that holds the FCC license for WOLF-TV.  It is admitted only that WOLF-TV (Channel 56) is a Fox-affiliated television station, at 1181 Highway 315, Wilkes-Barre, PA 18702.

4.      Denied.  Defendant New Age Media Management, LLC is a Delaware limited liability company.  Defendant New Age Media Management, LLC does not operate WOLF-TV.

5.      Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore deny them.

6.      Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore deny them.

2

7.      Denied.  Paragraph 7 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 7 are denied.

8.      Admitted in part.  The Sinclair Defendants admit that Defendant Sinclair, Inc. is a media company with a principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030,  and deny the remaining allegations in Paragraph 8.

9.      Admitted in part.  The Sinclair Defendants admit that Defendant Sinclair Broadcast Group, LLC is a limited liability company with a principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030,  and deny the remaining allegations in Paragraph 9.

10.     Admitted in part.  The Sinclair Defendants admit that Defendant Sinclair Television Group, Inc. is a corporation with a principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030,  and deny the remaining allegations in Paragraph 10.

11.     Admitted.

12.     Denied.   Paragraph 12 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 12 are denied. It is admitted only that Robert Ide is an employee of WOLF-TV (Channel 56).

13.     Denied.  Paragraph 13 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 13 are denied.

## II.      JURISDICTION AND VENUE

14.     Denied.  Paragraph 14 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 14 are denied.

15.     Denied.  Paragraph 15 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 15 are denied.

## III.     FACTS

16.     Denied.  The February 24, 2026 news report ("the News Report") that Plaintiffs challenge is a writing that speaks for itself, and all allegations related to it are therefore denied.

17.     Admitted.

18.     Denied.  It is admitted only that WOLF Licensee, LLC is the entity that holds the FCC license for WOLF-TV.

19.      Denied.  The News Report is a writing that speaks for itself, and all allegations related to it are therefore denied.

20.     Denied.   The News Report is a writing that speaks for itself, and all allegations related to it are therefore denied.

21.     Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore deny them.

22.     Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore deny them.

23.     Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore deny them.

24.     Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore deny them.

25. Denied. The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore deny them.

26. Denied. The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore deny them.

27. Denied. It is admitted only that the News Report contained a transcription error that was removed within hours of publication.

28. Denied. It is admitted only that the News Report contained a transcription error that was removed within hours of publication.

29. Denied. It is admitted only that the News Report contained a transcription error that was removed within hours of publication.

30. Denied. The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore deny them.

31. Denied. The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore deny them.

32. Denied. The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore deny them.

33.     Denied.  It is admitted only that the News Report contained a transcription error that was removed within hours of publication.  It is further admitted that Plaintiffs notified WOLF-TV of the transcription error the morning of February 24, 2026.

34.     Denied.  Paragraph 34 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 34 are denied.

## IV.     THEORIES OF LIABILITY

### COUNT I

35.     The Sinclair Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

36.     Denied.  It is admitted only that the News Report contained a transcription error that was removed within hours of publication.

37.     Denied.  Paragraph 37 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 37 are denied.

38.     Denied.  Paragraph 38 states a legal conclusion to which no responsive pleading is required. To the extent a response is deemed required, the allegations of Paragraph 38 are denied.

39.     Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore deny them.  In addition, Paragraph 39 states legal conclusions to which no responsive pleading is required.

40.     Denied.  Paragraph 40 states a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of Paragraph 40 are denied.

In response to the WHEREFORE clause of Count I, the Sinclair Defendants deny that Plaintiffs are entitled to any of the relief requested, including but not limited to compensatory

damages, punitive damages, costs, delay damages, or any other relief, and demand strict proof thereof at trial.

## COUNT II

41.     The Sinclair Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

42.     Denied.  It is admitted only that the News Report contained a transcription error that was removed within hours of publication.

43.     Denied.  Paragraph 43 states a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of Paragraph 43 are denied.

44.     Denied.  Paragraph 44 states a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of Paragraph 44 are denied.

45.     Denied.  Paragraph 45 states a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of Paragraph 45 are denied.

46.     Denied.  Paragraph 46 states a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of Paragraph 46 are denied.

47.     Denied.  The Sinclair Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore deny them.

48.     Denied.  Paragraph 48 states a legal conclusion to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of Paragraph 48 are denied.

In response to the WHEREFORE clause of Count II, the Sinclair Defendants deny that Plaintiffs are entitled to any of the relief requested, including but not limited to compensatory

damages, punitive damages, costs, delay damages, or any other relief, and demand strict proof thereof at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Sinclair Defendants respectfully request that the Court enter an Order:

(a)    Dismissing Plaintiffs' Complaint with prejudice as to the Sinclair Defendants;

(b)    Entering judgment in favor of the Sinclair Defendants and against Plaintiffs on all counts;

(c)    Holding the Sinclair Defendants "immune from civil liability" pursuant to 42 Pa. C.S.A. § 8340.15 and awarding attorneys' fees and costs against the Plaintiffs pursuant to 42 Pa. C.S.A. § 8340.18(a)(1); and

(d)    Granting such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs' demand for a jury trial does not require a response.

## AFFIRMATIVE DEFENSES

The Sinclair Defendants assert the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

### First Defense

The Complaint fails, in whole or in part, to state a claim on which relief can be granted.

### Second Defense

The alleged publication was not defamatory.

### Third Defense

The alleged publication was not understood by others to be defamatory.

8

Fourth Defense

The alleged publication did not cause Plaintiff E.K. special harm.

Fifth Defense

The alleged publication did not place Plaintiff E.K. in a false light.

Sixth Defense

The alleged publication was not highly offensive to a reasonable person.

Seventh Defense

The Sinclair Defendants lacked knowledge of falsity and did not act with reckless disregard for the truth.

Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiff E.K. has not sustained any injury or damage by reason of any wrongful act or omission of the Sinclair Defendants.

Ninth Defense

Plaintiffs are not entitled to punitive damages because the Sinclair Defendants' alleged conduct does not rise to the level of willful, wanton, malicious, knowing, or reckless conduct as required under Pennsylvania law.

Tenth Defense

The Sinclair Defendants are "immune from civil liability" pursuant to 42 Pa. C.S.A. § 8340.15, and therefore are entitled to payment of their attorneys' fees and costs pursuant to 42 Pa. C.S.A. § 8340.18(a)(1) ("The court shall award the party [who prevails on an assertion of immunity] . . . attorneys fees . . . and expenses . . . .").

Defenses Reserved

The Sinclair Defendants reserve the right to assert any additional defenses or affirmative

9

defenses that discovery indicates may be appropriate. The Sinclair Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during discovery or any other factual investigation in this case.

Respectfully submitted,

**BALLARD SPAHR, LLP**

By:    */s/ Kaitlin M. Gurney*
Kaitlin M. Gurney [No. 309581]
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T:  (215) 665-8500
F:  (215) 864-8999
gurneyk@ballardspahr.com

*Attorneys for Defendants Wolf Licensee,*
*LLC, Sinclair Inc., Sinclair Broadcast*
*Group, LLC, and Sinclair Television Group,*
*Inc.*

Date: July 29, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 29, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.  I also certify that on July 29, 2026, I served the foregoing in the manner noted upon:

<u>BY US MAIL AND EMAIL</u>
Lane R. Jubb, Jr., Esq.
Rachel S. Phillips, Esq.
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107-4997
lane.jubb@beasleyfirm.law
rachel.phillips@beasleyfirm.law
*Counsel for Plaintiffs*

<u>BY US MAIL</u>
New Age Media Management, LLC
251 Little Falls Drive
Wilmington, DE 19808
*Defendant*

<u>BY US MAIL</u>
Fox Corporation
1211 Avenue of the Americas
New York, NY 10036
*Defendant*

<u>BY US MAIL</u>
Fox Broadcasting Company, LLC
1211 Avenue of the Americas
New York, NY 10036
*Defendant*

*s/ Kaitlin M. Gurney*
KAITLIN M. GURNEY

11